# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHERRY L. NIPP,            )
                           )
         Plaintiff,        )
                           )
v.                         )     Case No. CIV-14-413-JHP-KEW
                           )
CAROLYN W. COLVIN, Acting  )
Commissioner of Social     )
Security Administration,   )
                           )
         Defendant.        )

## REPORT AND RECOMMENDATION

Plaintiff Sherry L. Nipp (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 19, 1965 and was 47 years old at the time of the ALJ's decision. Claimant obtained her GED and a certified nurse's aide certification. Claimant has worked in the past as a CNA at a hospital, home health organization, and nursing home as well as a mental health tech. Claimant alleges an inability to work beginning June 15, 2010 due to limitations

3

resulting from severe back pain, mental problems, depression, bipolar disorder, anxiety, PTSD, GERD, and esophagus problems.

## Procedural History

On February 22, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was held on December 6, 2012 before Administrative Law Judge ("ALJ") Doug Gabbard, II by video with the ALJ presiding in McAlester, Oklahoma and Claimant appearing in Fort Smith, Arkansas. On February 28, 2013, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review on July 25, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to identify all of Claimant's severe impairments at step two; (2) failing to conclude Claimant's impairments met a listing; (3) reaching an improper and unsupported RFC determination; and (4) finding Claimant could perform the jobs identified at step five. Claimant also contends the Appeals Council erred in failing to incorporate new evidence into the record.

**Consideration of New Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, obesity, anxiety, depression, and personality disorder. (Tr. 22). The ALJ concluded that Claimant retained the RFC to perform light work except she could only occasionally stoop or crouch. She was limited to semi-skilled work which requires some detailed skills but does not require doing more complex work duties, interpersonal contact with co-workers was only on a superficial basis and only occasional contact with the general public. The ALJ also required that Claimant be allowed to alternately sit and stand at will throughout the work day. (Tr. 24). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of companion and small products assembler. (Tr. 31). As a result, the ALJ found Claimant was not disabled

from July 1, 2009 through the date of the decision. Id.

Claimant initially contends the Appeals Council erred by declining to incorporate a medical source report from Dr. Robert Spray. Dr. Spray performed a mental evaluation as well as completing a medical source statement dated April 8, 2013. He diagnosed Claimant with mood disorder, NOS; anxiety disorder, NOS with PTSD issues; personality disorder, NOS with dependent and borderline features. He also assessed Claimant's GAF at 50. *Claimant's Brief in Chief*, Exh. 1.

Dr. Spray's medical source statement found Claimant to have and "extreme" limitation in the area of accepting instructions and appropriately responding to criticism from supervisors. He also determined Claimant had a "severe" limitation in nine functional areas and "marked" limitation in an additional 14 areas. Id.

The Appeals Council acknowledged receipt of the reports but found the new information contained in the reports pertained to a "later time" than that covered by the ALJ's decision. (Tr. 2).

Additional evidence submitted after the ALJ's decision but before the administrative review by the Appeals Council must be considered if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). Whether evidence is "new,

6

material and chronologically pertinent is a question of law subject to our *de novo* review." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

Dr. Spray's report is both new - it was not before the ALJ when he made his decision - and material - the ALJ's decision might reasonably have been different if the new evidence had been before him when the decision was rendered. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981).

In particular, information related to mental limitations and functioning typically relates back to a time prior to the decision considering it contains life history and mental health development information - especially when the report is dated less than 60 days after the decision was rendered. Given Dr. Spray's testing and the dearth of mental health source statements in the record, the information could have resulted in a different or modified decision. As such, the new evidence should have been included in the record for consideration by the Appeals Council. On remand, the ALJ shall consider Dr. Spray's report and source statement.

**Step Two Analysis**

Claimant also contends the ALJ should have included her gastrointestinal problems, neck and shoulder pain, knee and ankle

problems, and additional mental disorders at step two as severe impairments. Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20

8

C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The ALJ addressed Claimant's gastrointestinal problems in his decision and found they did not warrant further functional limitations. (Tr. 22). Similarly, the ALJ addressed Claimant's mental impairments and their effect upon her ability to work. (Tr. 22-24). Some evidence exists in the record that Claimant suffered from neck and shoulder pain as well as knee and ankle problems but also that the conditions may have been treated and did not present with considerable limitation. (Tr. 297-300, 364). The ALJ did not address these conditions in his decision. On remand, the ALJ should consider whether these problems pose functional limitations either singly or in combination with Claimant's other impairments.

## Consideration of the Listings

Claimant contends that she meets Listings 12.04 (affective

disorders), 12.06 (anxiety-related disorders), and 12.08 (personality disorders). The ALJ is required to follow the procedure for determining mental impairments provided by regulation. 20 C.F.R. §§ 404.1520a, 416.920a; *See*, Listing of Impairments. The procedure must be followed for the evaluation to be considered valid. <u>Andrade v. Sec. of Health & Human Services</u>, 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first determine whether there are medical findings of mental impairment especially relevant to the ability to work found in Part A of the Listing of Impairments. 20 C.F.R. §§ 404.1520a(b)(2), 416.920a(b)(2).

Additionally, Claimant must show he satisfies two of the following required restrictions: (1) marked restriction in activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00C, 12.04. The ALJ must then either evaluate the degree of functional loss resulting from the impairment, using the Part B criteria, or examine the special criteria set forth in the listings for evaluating the severity of particular impairments. Claimant suggests that Dr. Spray's report indicates Claimant is markedly limited in two functional areas

which would meet the Part B criteria. Nothing in the report indicates episodes of decompensation as required by Part B. However, since the ALJ must consider Dr. Spray's reports on remand, he should also consider whether the reports have an impact upon the listing analysis.

**RFC Determination**

Claimant reiterates the failure to find various conditions at step two would have an impact upon Claimant's RFC. Since the ALJ is required to consider neck, shoulder, knee, and ankle problems on remand at step two, he shall re-evaluate his RFC assessment based upon his findings of functional limitation stemming from his step two impairment determination.

Additionally, Claimant challenges the ALJ's rejection of the opinion of his treating physician, Dr. William Willis. Dr. Willis completed a medical source statement on December 19, 2012. He determined Claimant could sit, stand and walk for 15 minutes at one time and sit and stand for 40 minutes and walk for 20 minutes during an 8 hour workday. He also found Claimant could rarely lift/carry 0-10 pounds and nothing over that amount. Claimant would need a sit/stand option, rest breaks, and occasionally would be required to use a cane. (Tr. 372). He could essentially engage in no other activities. (Tr. 373-74).

11

The ALJ gave Dr. Willis' opinion "little weight" finding it to be overly pessimistic given the medical record and his own treatment records. (Tr. 28). In reviewing Dr. Willis' treatment notes, it appears that his assessment exceeded the level of treatment provided and the problems presented. This Court finds no error in the ALJ's consideration of Dr. Willis' opinion.

### Step Five Analysis

Claimant contends the ALJ's hypothetical questioning of the vocational expert did not mirror his functional limitations. Since the ALJ is reconsidering evidence and his RFC determination on remand, he should also reformulate his hypothetical questioning of the expert to reflect any changes or modifications to his RFC.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to

the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE